```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE   NO.   08-22267-CIV-KING
                              MAGISTRATE JUDGE P.A. WHITE
```

CRAIG BERNARD TRAPP,            :

       Plaintiff,           :       REPORT OF
                                    MAGISTRATE JUDGE
v.                              :

OFFICER W. SANCHEZ, ET AL.,     :

       Defendants.          :
_____

This Cause is before the Court upon the plaintiff's Supplement to Amended Complaint. [DE# 59].

The plaintiff Craig Bernard Trapp filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>. [DE# 9].

This case is proceeding against the following defendants:

1. Miami-Dade[1] Police Officer W. Sanchez (#4554)
2. Miami-Dade Police Officer Arana (#5381)
3. Miami-Dade Police Officer David DeLaurentos (#5973)

---

[1] The plaintiff improperly identifies these officers as employees of the "Metro-Dade Police Department." The Metro-Dade Police Department no longer exists, and is now the "Miami-Dade Police Department." The Miami-Dade Police Department is a subdivision of Miami-Dade County, and has police jurisdiction in the unincorporated areas of Miami-Dade County.

The Operative Complaint is the Amended Complaint [DE# 50], and is proceeding against the defendants Sanchez and Arana, in their individual capacities, on the claims that they violated the plaintiff's Fourth Amendment rights and pendent state law claims, and against the defendant DeLaurentos, in his individual capacity, on the claims that he violated the plaintiff's Fourth and Fourteenth Amendment rights. [DE# 55].

The plaintiff now seeks to add the Miami-Dade Police Department as a defendant and to reinstate a false arrest claim against DeLaurentos. [DE# 59].

The plaintiff cannot proceed on a claim against the Miami-Dade Police Department because police departments cannot be sued in a federal civil rights action. In Section 1983 actions, police departments cannot be sued, because a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity. Eddy v. City of Miami, 715 F.Supp. 1553 (S.D.Fla.1989); DeBellis v. Kulp, 166 F.Supp.2d 255, 264 (E.D.Pa.2001). The Miami-Dade Police Department is merely an arm of a municipality.

Further, this is the second time the plaintiff is attempting to resurrect the previously dismissed claim of false arrest against DeLaurentos. As detailed at length in the prior Report, the plaintiff has not stated a cognizable claim of false arrest or malicious prosecution.

Based on the foregoing, it is recommended that the plaintiff's Supplement to Amended Complaint [DE# 59] be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 29th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Craig Bernard Trapp, Pro Se
    No.  500710768
    14000 N.W. 41 Street
    Miami, FL 33178-3003

    Craig Edward Leen, Esq.
    Bridgette Nicole Thornton, Esq.
    Miami-Dade County Attorney's Office
    Metro Dade Center
    111 N.W. 1st Street
    Suite 2810
    Miami, FL 33128-1993